IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TROY ANTHONY RHODES,

    Plaintiff,

v.

DENISE DULL, SAN QUENTIN PRISON LITIGATION COORDINATOR,

    Defendant.

No. C 03-1836 SBA (pr)

**ORDER DENYING MOTION TO REOPEN CASE**

(Docket no. 19)

Plaintiff Troy Anthony Rhodes, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, has filed a motion entitled, "Motion to Compel Defendant and/or Agents of Defendant to Comply with Court Ordered Administrative Exhaustion" (docket no. 19). The Court construes his motion as a request to reopen Case No. C 03-1836 SBA (pr), a pro se civil rights action that was dismissed on March 31, 2005 for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). In its March 31, 2005 Order, the Court stated, "Plaintiff may re-file his claim after he has exhausted his administrative remedies in compliance with California Code of Regulations, Title 15, Section 3084." (Mar. 31, 2005 Order at 6.) Plaintiff then appealed the Court's Order Granting Defendant's Motion to Dismiss to the Ninth Circuit Court of Appeals, which dismissed the appeal for failure to prosecute in January, 2006.

Plaintiff now argues that the case should be reopened because he has once again been prevented from exhausting his administrative remedies. He claims that after the Ninth Circuit dismissed his appeal, he filed another 602 inmate appeal on January 20, 2006.[1] He alleges that he never received a decision on his pending appeal because "prison officials have refused to respond to said '602'." (Pl.'s Mot. at 3.) He claims the futility of the prison grievance procedure should excuse

---

[1] The Court notes that Plaintiff waited until April, 2008 to file the present motion. Plaintiff claims that he "would have brought this motion at an earlier time but he was working on his habeas petition . . . ." (Pl.'s Mot. at 2 n.1.)

him from complying with the exhaustion requirement, stating: "prison officials have failed to comply with their own codified rules for exhaustion, and therefore this Honorable Court should either declare that exhaustion is complete, and/or issue an order to prison officials to respond to Plaintiff's '602'." (Id. (citations omitted).)

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

The exhaustion requirement cannot be satisfied by the filing of an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 84. Rather, "proper exhaustion" of available administrative remedies is required. Id. at 92. The requirements of the prison's grievance process, not the PLRA, define the boundaries of proper exhaustion. Jones v.

Bock, 549 U.S. 199, 218 (2007).

Some courts have held that substantial compliance with a prison's grievance procedure is sufficient to satisfy the exhaustion requirement. See Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999). On the other hand, the Sixth Circuit has held that conclusory allegations regarding the inadequacy of the administrative remedies process are insufficient to defeat dismissal for failure to exhaust. White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997).

An action must be dismissed unless the prisoner first exhausted his available administrative remedies before he filed suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

In Plaintiff's case, the Court dismissed his complaint upon finding that he had failed to exhaust his administrative remedies in regard to his claim of denial of access to the courts. (Mar. 31, 2005 Order at 6.) The Court further found that it did not have the discretion to waive the exhaustion requirement. (Id.) As mentioned above, the Court stated that Plaintiff "may re-file his claim after he has exhausted his administrative remedies . . . ." (Id.) Plaintiff now claims that he is unable, through no fault of his own, to fulfill the exhaustion requirement. The Supreme Court, in Woodford, left open the possibility that proper exhaustion might not be required where prison administrators "devise procedural requirements that are designed to trap unwary prisoners and thus to defeat their claims." 548 U.S. at 102. However, even if Plaintiff could show that such circumstances occurred in the instant matter, the appropriate course of action is not to reopen his prior case, but to file a new civil rights complaint. Plaintiff's case was dismissed without prejudice; therefore, the dismissal does not bar a new action raising the same claim.

If Plaintiff chooses to file a new civil rights action, he should describe the history of his prison grievance in sufficient detail to make a prima facie case for why proper exhaustion might not be required. Plaintiff is reminded that a prisoner's failure to "properly" exhaust his administrative remedies is excused under very limited circumstances, as stated above. See id.

Plaintiff should also be aware that the filing fee for a civil rights action is $350.00. If Plaintiff files a new action, he must pay the $350.00 filing fee, or file an application for leave to proceed in forma pauperis (IFP). If Plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all

3

assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. See 28 U.S.C. § 1915(a)(1), (2). If the district court determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid. Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account

1  exceeds ten dollars.  See id.

2  For the foregoing reasons, Plaintiff's motion to reopen this case (docket no. 19) is DENIED.
3  The Clerk of the Court shall send Plaintiff a blank civil rights form and the Court's prisoner IFP
4  application form along with his copy of this Order.

5  This Order terminates Docket no. 19.

6  IT IS SO ORDERED.

7  DATED: 3/27/09

                                                     _Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
   NORTHERN DISTRICT OF CALIFORNIA
3

4  RHODES,
                                                    Case Number: CV03-01836 SBA
5          Plaintiff,
                                                    **CERTIFICATE OF SERVICE**
6     v.

7  SAN QUENTIN PRISON LITIGATION
   COORDINATOR et al,
8
9          Defendant.                           /

10

11 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

12 That on March 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
13
14
15

16 Troy Anthony Rhodes P-86788
   California State Prison - Corcoran
17 CA Substance Abuse Treatment Facility
   P.O. Box 7100
18 Corcoran, CA 93212-7100

19 Dated: March 30, 2009
                                             Richard W. Wieking, Clerk
20                                           By: LISA R CLARK, Deputy Clerk

21
22
23
24
25
26
27
28

P:\PRO-SE\SBA\CR.03\Rhodes1836.denyREOPEN.wpd          6